UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIANE DUNHAM, *Plaintiff*, v. WELLS FARGO, *et al.*, *Defendants*. | Civil Action No.: 18-cv-8995 (PGS)(DEA) **MEMORANDUM AND ORDER** |

Presently before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiff Diane Dunham's Complaint, which alleges a single claim of gross negligence. (ECF No. 12).[1] Specifically, Wells Fargo contends that because it does not owe Plaintiff a duty of care, she fails to state a claim upon which relief may be granted pursuant Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed herein, Plaintiff's Complaint is dismissed, and Plaintiff may amend the Complaint within thirty days.

### BACKGROUND

Plaintiff's Complaint is difficult to follow, but, as best the Court can tell, stems from Plaintiff's failure to close on the sale of her house, due to a clerical error on Bank of America's part in failing to report the satisfaction of her debt obligation. According to the Complaint, Plaintiff, *pro se*, had obtained a loan for $90,000 from Bank of America, which had been purportedly paid in its entirety by 2005. (ECF No. 1-1 at 8). Despite satisfying her debt

---

[1] Initially, Wells Fargo understood Plaintiff's Complaint to arise under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*; however, in her Brief in Opposition to Defendant's Motion to Dismiss, Plaintiff makes explicitly clear that she is asserting a claim of gross negligence. (ECF No. 13).

1

obligations, Bank of America failed to acknowledge the same and properly report it as having been satisfied, which caused Plaintiff's credit score to decline and resulted in her paying higher mortgage interest rates. (*Id.*).

After satisfying her loan with Bank of America; in 2005, Plaintiff acquired another mortgage loan of $350,000 from World Savings Bank.[2] (*Id.*). According to the Complaint, between 2006 and 2016, the value of her mortgage – now with Wells Fargo – grew to $382,000. (*Id.*). This being said, from 2007 through 2009, Plaintiff repeatedly sought to modify her loan to a fixed rate 30 year mortgage; eventually, in 2011, Wells Fargo wrote to Plaintiff, explaining that her request for a fixed rate mortgage would be approved, pending completion of all necessary paperwork. (*Id.* at 10). Apparently, after conducting a credit report and discovering the Bank of America loan, Wells Fargo denied her application, explaining that her credit score was too low. (*Id.* at 10-11). During this same timeframe, Plaintiff claims "Wells Fargo would charge me an adjustable interest rate 3 points over the Federal fixed rate and raise the monthly mortgage payment." (*Id.* at 10). Moreover, in 2009, Plaintiff alleges that Wells Fargo, on four separate occasions, charged her escrow account $3,542.62 for paying her property taxes. (*Id.* at 9).

Eventually, after eleven years, Plaintiff satisfied her debt obligations with Wells Fargo, paying a sum total of $380,000. (*Id.* at 11). However, on May 26, 2017, Wells Fargo wrote to Plaintiff, apologizing for their handling of Plaintiff's finance application. (*Id.* at 13, "Wells Fargo Letter"). Specifically, the letter states:

> Dear DUNHAM DIANE:
>
> We're reaching out about your previous application for home financing. We've determined that we didn't process your application cancelled or denied between

---

[2] It should be noted that in 2007 World Savings Bank changed its name to Wachovia Mortgage, FSB, which was later acquired by and merged into Wells Fargo Bank N.A. in November 2009. *See Suser v. Wachovia Mortg., FSB*, 78 A.3d 1014, 1016 (N.J. Super. Ct. App. Div. 2013).

12/1/2012 – 4/17/2016 with the level of service that we would like. We apologize for any inconvenience this may have caused.

(*Id.*). Plaintiff claims that Wells Fargo's mismanagement of her account, which resulted in significant interest charges, constitutes gross negligence and, as a result, seeks monetary damages.

**LEGAL STANDARD**

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; see also *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. See *In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, *Fed. Practice & Procedure: Civil* 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Id.*

Where, as here, Plaintiff is proceeding pro se, the Court should read Plaintiff's complaint generously and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, "a pro se plaintiff is not exempt from his burden of providing some affirmative evidence, i.e. not just mere allegations, to establish a prima facie case, and to show that there is a genuine dispute for trial." *Niblack v. Murray*, No. 12-6910, 2016 U.S. Dist. LEXIS 99325, at *7 (D.N.J. July 29, 2016) (citing *Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 243 (3d Cir. 2014)).

## Discussion

In New Jersey, in order to sustain a claim of negligence, "the plaintiff must establish: (1) a duty of care owed to the plaintiff by the defendant; (2) that defendant breached that duty of care; and (3) that plaintiff's injury was proximately caused by defendant's breach." *Smith v. Kroesen*, 9 F. Supp. 3d 439, 442 (D.N.J. 2014). Where, as here, Plaintiff asserts a claim of *gross* negligence, the focus is on *degree* of negligence, rather than the quality; put differently, "[g]ross negligence is defined as 'the want or absence of, or failure to exercise, slight care or diligence,' and the term 'refers to behavior which constitutes indifference to consequences.'" *Collick v. William Paterson Univ.*, No. 16-471, 2016 U.S. Dist. LEXIS 16039, at *78 (D.N.J. Nov. 17, 2016) (quoting *Draney v. Bachman*, 351 A.2d 409, 413 (N.J. Super. Ct. Law Div. 1976); *Griffin v. Bayshore Medical*

*Center*, No. A-5032-09T2, 2011 N.J. Super. Unpub. LEXIS 1165, at *13 (N.J. Super. Ct. App. Div. May 6, 2011)).

Here, fatal to Plaintiff's gross negligence claim is her failure to plead any legal duty that Wells Fargo owed to her. "In New Jersey, it is well-established that a bank does not owe a legal duty to a borrower." *Santone-Galayda v. Wachovia Mortg., FSB*, No. 10-1065, 2010 U.S. Dist. LEXIS 135469, at *36-37 (D.N.J. Dec. 22, 2010) (citing *United Jersey Bank v. Kensey*, 704 A.2d 38, 44 (N.J. Super. Ct. App. Div. 1997)). As the Third Circuit has explained, "[i]t ordinarily 'would be anomalous to require a lender to act as a fiduciary for interests on the opposite side of the negotiating table.'" *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir. 1988) (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 79 (2d Cir. 1982)). Because Plaintiff fails to allege the existence of a legal duty owed by Wells Fargo, Defendant's Motion to Dismiss is granted without prejudice.

Lastly, at oral argument, Plaintiff averred that she also seeks relief based on theories of breach of contract and unjust enrichment. However, when reviewing the Complaint, Plaintiff does not assert these claims, nor does she assert factual allegations to support the same. *See* Fed. R. Civ. P. 8(a). As such, Plaintiff's Amended Complaint should cure these deficiencies.

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 13th day of August, 2018,

**ORDERED** that Defendants' Motion to Dismiss (ECF No. 12) is **GRANTED WITHOUT PREJUDICE**; and it is further.

**ORDERED** that Plaintiff has thirty (30) days from the filing of this memorandum and order to file an amended complaint; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Order to Ms. Dunham.

_____
PETER G. SHERIDAN, U.S.D.J.